The Attorney General is in receipt of your request for an Attorney General's Opinion wherein you ask the following question: "Does the State Department of Vocational and Technical Education have the authority to monitor and conduct reviews to determine compliance with Title IX and Section 504, even though the regulations for Title IX and Section 504 do not at present assign the state agency this responsibility?" The State Board of Vocational and Technical Education (Board) is the state agency responsible for the supervision of the Oklahoma State Department of Vocational and Technical Education (Department) and the agency generally responsible for the supervision of vocational and technical schools and colleges in Oklahoma. 70 O.S. 14-103 [70-14-103] (1971). Subsection 3 of 70 O.S. 14-103 [70-14-103] specifically grants to the Board the authority to: "Cooperate with, and enter into agreements with, and administer programs of, and receive federal funds from, the United States Department of Health, Education and Welfare and other federal agencies in matters relative to vocational and technical education and manpower training, and be the sole state agency for such purpose." It is axiomatic that federal program funds must be received and administered in accordance with the laws of the United States and the terms of the agreement under which the funds were transmitted to the recipient. Various enactments of the Congress expressly prohibit discrimination by recipients of federal funds on the basis of race, color, national origin, sex or handicap. Federal funds received by the Department on behalf of the Board are no exception. Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972 and Section 504 of the Rehabilitative Act of 1973 all contain antidiscrimination clauses which relate to vocational and technical programs for which federal assistance is provided. The federal administrative agency responsible for monitoring the federal programs, the Department of Health, Education and Welfare, specifically the Bureau of Occupational and Adult Education and the Office of Civil Rights, have promulgated regulations establishing guidelines for implementation of programs consistent with the anti-discrimination clauses and the various congressional enactments. Generally speaking, the Legislature of the State of Oklahoma has provided the Board with broad discretion in program planning and administration through the Department to conform state vocational and technical education programs to the requirements of federal law. The Board and the Department have express state legislative authority to undertake monitoring efforts and reviews of local educational agencies receiving funds from the federal government through the Board as may be required by federal law. Your question appears to be inquiring whether the Department must undertake a monitoring and review program with respects to some federal programs where federal regulations do not presently require a monitoring and review effort. Nothing in the law of the State of Oklahoma would require the Board or the Department to undertake any specific "methods of administration" in implementing federal programs not required by the federal law or implementive regulations. At present, neither the regulations implementing Title IX of the Education Amendments of 1972 nor the regulations implementing Section 504 of the Rehabilitation Act of 1973 expressly require the Board or the Department to undertake a monitoring or review effort. Indeed, the very regulations which purport to require a monitoring effort on the part of recipients of federal funds recognize the absence of any such requirements in the Title IX and the Section 504 regulations. 44 Fed. Reg. No. 56, March 21, 1979. However, the very same publication indicates that the Department of Health, Education and Welfare is in the process of promulgating new regulations which would impose the same requirement for Title IX and Section 504 programs. The Board and the Department have the statutory authority to take such action as is deemed necessary to either bring the Department into compliance with the existing regulations or, in anticipation of eminent change in regulations, to take such action as may be necessary to anticipate compliance responsibilities as may be imposed in the future. It is, therefore, the official opinion of the Attorney General that the State Board of Vocational and Technical Education has the statutory authority to monitor and conduct reviews of local educational agencies receiving federal funds through the Board from the federal government for compliance with the non-discrimination provisions of federal law. Additionally, the State Board of Vocational and Technical Education has the legislative authority to take reasonable administrative action in anticipation of eminent modifications of federal law as to compliance necessary for continued receipt of federal assistance. (JOHN F. PERCIVAL) (ksg) ** SEE: OPINION NO. 80-152 (1980) **